UNITED STATES *v.* JAMESON and others.

*(Circuit Court, D. Nebraska. January 1, 1882.)*

LIABILITY OF SURETIES ON BOND OF SURVEYOR GENERAL OR RECEIVER AND REGISTER OF LAND-OFFICE—ACT OF MARCH 3, 1853, *c.* 145, § 10.

Where a surveyor general or receiver or register of a land-office is in default in the discharge of his official duties after the expiration of his commission, and before his successor enters upon the duties of the office, the sureties on his bond are made liable for such default by section 10 of chapter 145 of the act of March 3, 1853.

Action on the official bond of a receiver and register of a land-office, for default in the discharge of the duties of his office occurring after the expiration of his term and before a successor had been appointed.

*Mr. Lambertson,* for the United States.

*J. L. Webster,* for the defendants.

FOSTER, J. The tenth section of the act of March 3, 1853, contained a provisional enlargement or extension of the tenure of office of certain officers, and continued the liability of the sureties on their official bonds during said term. The question at issue is whether Jameson, the principal defendant, comes within the scope of that provision.

Let us first observe what officers were to be appointed in virtue of that act. They were a surveyor general and register and receiver of the land-office for the state of California, and certain others registers and receivers in said state, in the discretion of the president. Sections 1 and 5.

Now the tenth section enlarges the official term of these officers, and *also every other like officer* of the United States, *i. e.*, every other *surveyor general, register* and *receiver* of the United States, until their successors were commissioned, and holds their bondsmen liable for their official acts during such time. It would be a strained construction of the words used, to say that they meant every other like officer in the state of California. At that time, it is fair to presume, there were no other like officers in California, and no provision for any except such as this act provided for. The act says, *also every other* like officer of the United States. It is broad and sweeping in its terms, and I have no doubt was intended to apply to every other like officer in the United States. The recitation of this section in the bond indicates that the contracting parties so understood it at the time. The demurrer must be overruled, and defendants may have 20 days to answer.

DUNDY, J., being interested, took no part in this case.